UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE EVETTE LOPEZ,<br>Plaintiff,<br>v.<br>FRANK J. BISIGNANO,<br>Defendant. | Case No. 25-cv-04920-AGT<br>**ORDER RESOLVING CLAIM FOR REVIEW UNDER 42 U.S.C. § 405(g)**<br>Re: Dkt. Nos. 14, 17 |

For several reasons, the Court vacates the ALJ's decision denying benefits and remands to the Social Security Commissioner for further proceedings.

* * *

1. The ALJ prematurely considered the impact of Plaintiff's drug use on her alleged disability. *See* AR 28 (finding "many entries of unremarkable mental status examinations *when not actively using*" methamphetamine or marijuana (emphasis added)); AR 26 (finding only "mild-moderate mood variation, . . . *apart from intermittent relapses of substance use*" (emphasis added)); AR 27 (discounting social worker's opinion that Plaintiff couldn't hold a job because the social worker "fail[ed] to address [Plaintiff's] active drug and alcohol issues, and [their] contribution to [her] overall . . . psychological symptomatology").

Although a claimant cannot obtain disability benefits if drug use is the but-for cause of disability, the ALJ must first determine whether the claimant is disabled "without separating out the impact of alcoholism or drug addiction." *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Only if the ALJ finds that the claimant is disabled based on the entire record may the ALJ consider whether alcohol or drug use was a contributing factor to the disability determination. *See id.* at 954–55. Here, the ALJ combined these two steps, which constituted reversible error. *See id.* at 956.

2. The ALJ was also required to articulate how persuasive she found each medical opinion using the supportability and consistency factors. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c). For Drs. Bawa and Amon, the ALJ didn't make the necessary findings. The ALJ summarized Drs. Bawa's and Amon's medical opinions but never made a persuasiveness determination or analyzed supportability or consistency. AR 26. The Commissioner maintains that this error was harmless, dkt. 17 at 11, but even if that's correct (a decision the Court doesn't make), the Court already found reversible error, above. On remand, then, the ALJ should also address this omission and the others identified below.

3. The ALJ found Dr. Franco's and Dr. Caruso-Radin's opinions "partially persuasive," without identifying which parts were persuasive and which were not. AR 27. This constituted error. When the ALJ disagrees with a medical opinion, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

4. The ALJ concluded that Dr. DeRose's opinions, including the opinion that Plaintiff was limited to less than sedentary work, were not persuasive because "Dr. DeRose's

treatment records reflect[ed] generally benign findings." AR 27. On review, the Commissioner admits that "the record does not actually contain any treatment records signed by Dr. DeRose." Dkt. 17 at 13. "That concession," as Plaintiff correctly submits, "undermines the ALJ's supportability rationale, as the ALJ rejected [Dr.] DeRose based on records that do not exist." Dkt. 18 at 10. Although the Commissioner now contends that other medical records support Dr. DeRose's opinions, dkt. 17 at 13 & n.2, the Court must review the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

The ALJ also cited only one of two submissions by Dr. DeRose. *See* AR 27 (citing B5F but not B6F). Both submissions include a copy of the same 2022 Physical Medical Source Statement, AR 461–64, 470–73, but B6F also includes a Treating Physician General Medical Evaluation, AR 468–69. On remand, the ALJ must consider B5F and B6F before determining whether Dr. DeRose's opinions are persuasive.

5. At step two in the five-step evaluation process, the ALJ concluded that Plaintiff's alleged fibromyalgia was not a medically determined impairment. AR 20. Social Security Ruling (SSR) 12-2p provides "two sets of criteria for diagnosing" fibromyalgia: the 1990 American College of Rheumatology (ACR) Criteria and the 2010 ACR Preliminary Diagnostic Criteria. 77 Fed. Reg. 43640-01, Pt. II (July 25, 2012). These tests have different metrics. The 1990 test requires 11 out of 18 positive tender points on a physical examination, *id.*, Pt. II.A.2, while the 2010 test requires repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, *id.*, Pt. II.B.2. The ALJ considered only the 1990 test, AR 20, rendering her finding of non-medically determinable fibromyalgia

incomplete and potentially inaccurate.

* * *

The ALJ's errors may have been "[ ]consequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting another source), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Having made this determination based on the above analysis, the Court declines to consider Plaintiff's alternative arguments for remand. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

Conflicts and ambiguities exist in the record, so the case is remanded for further proceedings, not for payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: July 28, 2026

Alex G. Tse
United States Magistrate Judge